IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL J. SAMALOT-MARTINEZ,<br><br>**Plaintiff**,<br><br>v.<br><br>NORWEGIAN CRUISE LINE HOLDINGS, LTD., ET AL,<br><br>**Defendants** | Civil No. 23-1514(RAM) |

**MEMORANDUM AND ORDER**

Raúl M. Arias-Marxuach, United States District Judge

This matter comes before the Court on Defendant Norwegian Cruise Lines ("NCL" or "Defendant") *Motion to Dismiss or to Transfer Venue* ("*Motion to Transfer Venue*") (Docket No. 9) and Plaintiff Manuel J. Samalot-Martínez's ("Plaintiff") *Informative Motion Regarding Consent to Transfer Venue in Response to Motion to Dismiss or to Transfer Venue and Motion Requesting Order to Transfer Venue* ("*Informative Motion*") (Docket No. 14). For the reasons set for herein, the *Motion to Transfer Venue* is **GRANTED IN PART**. This action shall be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) in accordance with Section 15 of the Guest Ticket Contract.

I.   BACKGROUND

This case arises from an alleged slip and fall onboard the cruise ship M/V Norwegian Dawn. (Docket No. 1 ¶ 1). According to

the *Complaint* filed on October 13, 2023, Mr. Samalot-Martínez was injured when he tripped on unattended cleaning buckets just outside his cabin. Id. ¶¶ 25-26. The *Complaint* invokes this Court's admiralty and maritime jurisdiction and seeks $500,000 in damages. Id. ¶¶ 4, 74.

NCL filed its *Motion to Transfer Venue* on December 6, 2023. (Docket No. 9). Defendant asserts that Section 15 of the Guest Ticket Contract, under which Mr. Samalot-Martínez sailed on the Norwegian Dawn, contains a forum selection clause. Id. at 3-4. Premised on the clause, Defendant NCL seeks dismissal of this action or its transfer to the Southern District of Florida. Id. at 5-12.

On December 28, 2023, Plaintiff filed his *Informative Motion* consenting to the transfer of venue and affirmatively requesting an order transferring this action to the Southern District of Florida. (Docket No. 14).

## II. APPLICABLE LAW

### A. Choice of Forum Clauses in Passenger Contracts

Pursuant to the Supreme Court of the United States' seminal opinion in M/S Bremen v. Zapata Off-Shore Co., "[t]he prevailing view towards contractual forum selection clauses is 'that such clauses are prima facie valid unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'"

Civil No. 23-1514(RAM)                                                    3

Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

In Carnival Cruise v. Shute, 499 U.S. 585, 593-594 (1991), the Supreme Court held that reasonable choice of forum clauses in passengers' contracts are not void simply because they are not freely negotiated. Moreover, the Supreme Court noted that such clauses may serve legitimate interests such as limiting the places where the cruise lines may be sued given their far-flung operations, injecting predictability as to where suits may be brought, and generating savings that in turn can result in reduced fares. The Supreme Court rejected the Ninth Circuit's conclusory assertion that plaintiffs were physically and financially incapable of litigating in the contractually chosen forum, a relevant factor in determining whether the clause was reasonable. Id. at 594. Instead, the Supreme Court held that choice of forum clauses in passenger contracts are subject to review for fundamental fairness and found that the clause at issue in Shute was fair as it provided for litigation in Florida, where Defendant's principal place of business was located and where many of its cruises departed and arrived. Id.

In the First Circuit, courts apply a two-pronged, case by case, "reasonable communicativeness" standard to evaluate choice

Civil No. 23-1514(RAM)                                                        4

of forum clauses in cruise ship passenger tickets. *See* Lousararian v. Royal Caribbean Corp., 951 F.2d. 7, 8-9 (1st Cir. 1991); *see also* Godreau v. Royal Caribbean, 2018 WL 637398 (D.P.R. 2018). The first prong requires that the Court "examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable." Lousararian, 951 F.2d at 8. The second prong deals with "the circumstances of the passenger's possession and familiarity with the ticket" and mandates "scrutiny of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake." Id., at 9.

### B. Mandatory Choice of Forum Clauses

"Under federal law, the threshold inquiry when analyzing a forum selection clause is whether the clause is permissive or mandatory." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (quoting Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir.2009)). Mandatory clauses dictate "the exclusive forum for litigation" whereas permissive clauses merely "authorize personal jurisdiction in a designated forum, but do not prohibit litigation of covered claims elsewhere." Rivera v. Kress Stores of Puerto Rico, Inc., 30 F.4th 98, 103 (1st Cir. 2022). *See also* Huffington v. T.C. Grp., LLC,

Civil No. 23-1514(RAM) 5

637 F.3d 18, 21 (1st Cir. 2011) ("A forum selection clause may make the designated forum merely available for resolution of disputes or it may make it 'exclusive,' at least in the sense that either side can insist upon it as the venue).

Whether a choice of forum clause is considered mandatory or permissive "often hinges on whether the provision includes any terms with a mandatory connotation." Haddock-Acevedo v. Bd. of Governors of Univ. of Puerto Rico, 615 F. Supp. 3d 78, 83 (D.P.R. 2022). The First Circuit has repeatedly found that the use of the term "shall" in a forum selection clause is indicative that the clause is mandatory. *See* Claudio-De Leon, 775 F.3d at 46 ("[I]t is axiomatic that the word 'shall' has a mandatory connotation."); Centro Medico de Turabo, 575 F.3d at 17, n.5 (noting that "shall" is a typical mandatory term).

**C. Enforcement of Choice of Forum Clauses under 28 U.S.C. 1404(a)**

When a choice of forum clause provides for a federal forum, the appropriate enforcement mechanism is 28 U.S.C. § 1404(a). *See* Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 59-60 (2013). This section of the Judicial Code of the United States is a codification of the *forum non conveniens* doctrine which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

Civil No. 23-1514(RAM)                                                          6

division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The presence of a valid choice of forum clause alters the usual § 1404(a) analysis in three ways:

> First, the **plaintiff's choice of forum merits no weight**, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, **the court should not consider the parties' private interests** aside from those embodied in the forum-selection clause; it may consider only public interests. […] Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules.

Atlantic Marine Const. Co., 571 U.S. at 63-64. (emphasis added). Consequently, a district court may only consider arguments about public factors and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id. at 64. Among the public-interest factors district courts may consider are court congestion and the ensuing administrative difficulties, the interest in having localized controversies decided locally, and the interest in having diversity cases tried in a forum at home with the law. Id. at 63, n. 6 (quoting Piper Aircraft Co. v. Reyno,

Civil No. 23-1514(RAM)                                                                 7

454 U.S. 235, 241, n. 6 (1981)).

### III. DISCUSSION

In the case at bar, Plaintiff did not challenge the validity of the choice of forum clause in Section 15 of his Guest Ticket Contract. Nevertheless, the Court has evaluated the clause before ordering enforcement. Section 15 of the Guest Ticket Contract provides:

> **15. VENUE AND GOVERNING LAW:** EXCEPT AS OTHERWISE SPECIFIED HEREIN, ANY AND ALL DISPUTES WHATSOEVER ARISING OUT OF OR RELATING TO THIS CONTRACT OR THE GUEST'S CRUISE, AS WELL AS THE INTERPRETATION, APPLICABILITY, AND ENFORCEMENT OF THIS CONTRACT SHALL BE GOVERNED EXCLUSIVELY BY THE GENERAL MARITIME LAW OF THEUNITED STATES, WHICH SHALL INCLUDE THE DEATH ON THE HIGH SEAS ACT (46 USCS § 30302) WITHOUT REGARD TO CHOICE OF LAW RULES, WHICH REPLACES, SUPERSEDES AND PREEMPTS ANY PROVISION OF LAW OF ANY STATE OR NATION TO THE CONTRARY. **IT IS HEREBY AGREED THAT ANY AND ALL CLAIMS, DISPUTES OR CONTROVERSIES WHATSOEVER ARISING FROM, RELATED TO, OR IN CONNECTION WITH THIS CONTRACT OR THE GUEST'S VOYAGE, INCLUDING ANY ACTIVITIES ON OR OFF THE VESSEL OR TRANSPORTATION FURNISHED THEREWITH, WITH THE SOLE EXCEPTION OF CLAIMS SUBJECT TO BINDING ARBITRATION UNDER SECTION 11(B) ABOVE, SHALL BE COMMENCED, FILED AND LITIGATED, IF AT ALL, BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA IN MIAMI, FLORIDA, U.S.A., OR AS TO THOSE LAWSUITS FOR WHICH THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA LACKS SUBJECT MATTER JURISDICTION, BEFORE A COURT OF COMPETENT JURISDICTION IN MIAMI-DADE COUNTY, FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER COUNTRY, STATE, CITY OR COUNTY WHERE SUIT MIGHT OTHERWISE BE BROUGHT.**

Civil No. 23-1514(RAM)                                                        8

(Docket No. 9-1 at 28) (emphasis added).

**First**, per its clear text, the forum selection clause in Section 15(b) is **mandatory**, rather than permissive. The clause expressly states that claims "**shall** be commenced, filed and litigated" in either the Southern District of Florida or before a court of competent jurisdiction in Miami-Dade County. Id. The use of "shall" evinces the clauses mandatory nature. *See* Haddock-Acevedo, 615 F. Supp. 3d at 83; Claudio-De Leon, 775 F.3d at 46.

**Second**, the Florida choice of forum clause was reasonably communicated. **Section 15(b) of the Guest Ticket Contract clause is facially clear in language and appearance, thereby meeting the first prong of the reasonable communicativeness standard.** With respect to language, Section 15 states it requires litigation before the Southern District of Florida, or if that court lacks subject matter jurisdiction, in a Court located in Miami-Dade County, Florida as to "any and all claims, disputes or controversies whatsoever arising from, related to, or in connection with this contract or the guest's voyage, including any activities on or off the vessel or transportation furnished therewith" that are not subject to arbitration. **Section 15's Florida choice of forum clause clearly encompasses Plaintiff's claims for personal injury.** The choice of forum clause applies to "any and all claims, disputes or controversies whatsoever arising

from, related to, or in connection with this contract or the guest's voyage." Id. The First Circuit has interpreted broad language of this nature as covering "**contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort**[.]" Acevedo Maldonado v. PPG Indus. Inc., 514 F.2d 614, 616 (1st Cir. 1975) (emphasis added).

With respect to appearance, the cover of the Guest Ticket Contract contains a text box titled "**IMPORTANT NOTICE**" which warns guests or passengers that they should carefully read and review the contracts terms and conditions and specifically directs their attention to Section 15's Venue and Governing law provisions as follows:

> **IMPORTANT NOTICE:** GUESTS ARE ADVISED TO CAREFULLY READ AND REVIEW THE TERMS AND CONDITIONS OF THE GUEST TICKET CONTRACT SET FORTH BELOW WHICH AFFECT YOUR LEGAL RIGHTS AND ARE BINDING. THE GUEST'S ATTENTION IS SPECIFICALLY DIRECTED TO SECTION 6 (LIMITATIONS AND DISCLAIMERS OF LIABILITY), SECTION 8 (LIABILITY LIMITATION FOR BAGGAGE AND VALUABLES), SECTION 11 (TIME LIMITATIONS FOR ACTIONS, MANDATORY ARBITRATION FOR CERTAIN CLAIMS AND WAIVER OF CLASS ACTIONS) AND SECTION 15 (VENUE AND GOVERNING LAW).
>
> GUESTS ARE ALSO ADVISED TO CAREFULLY READ AND REVIEW SECTION 4 AND CARRIER'S WEBSITE AT HTTPS://WWW.NCL.COM/SAFE WHICH CONTAIN IMPORTANT TERMS, CONDITIONS, POLICIES, PROCEDURES AND REQUIREMENTS RELATED TO PUBLIC HEALTH AND COVID-19.

Civil No. 23-1514(RAM)                                                           10

> ACCEPTANCE OR USE OF THIS CONTRACT SHALL CONSTITUTE THE AGREEMENT OF GUEST TO THESE TERMS AND CONDITIONS.

(Docket No. 9-1 at 17). *See* Jimenez v. Peninsular & Oriental Steam Nav. Co., 974 F.2d 221, 224 (1st Cir. 1992) (enforcing a less prominent notice where similar language was included but on the second page of the passenger ticket packet).

**Third, the circumstances relating to the passenger's possession and familiarity with the ticket also meet the requirements of the second prong of the "reasonable communicativeness" standard.** As explained by the First Circuit, "prong two's inquiry into the passenger's possession of and familiarity with the ticket does not depend upon *actual* knowledge of the terms in the contract of passage, but focuses instead on the *opportunity* for such knowledge." Lousararian, 951 F.2d at 11 (internal quotations omitted, emphasis in the original). According to the Declaration of Under Penalty of Perjury submitted with NCL's *Motion to Dismiss*, Plaintiff checked in electronically and accepted the reservation and Guest Ticket Contract 16 days before boarding. (Docket No. 9-1 at 2, ¶¶ 6-8). Thus, the Court finds that Plaintiff had ample opportunity to familiarize himself with the forum selection clause contained therein.

**Fourth, Plaintiff consented to the *Motion for Venue Transfer*.** Therefore, no fundamental fairness concerns tantamount to

Civil No. 23-1514(RAM)                                                11

stripping plaintiff of his day in Court have been raised, and hardly could be raised given Florida's proximity by air travel to Puerto Rico. *See* Godreau, 2018 WL 637398, at *3-4.

## IV. CONCLUSION

"When parties have contracted in advance to litigate disputes in a particular forum, courts **should not unnecessarily disrupt the parties' settled expectations** [...] In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." Caribbean Restaurants, LLC v. Burger King Corporation, 23 F.Supp. 3d 70, 78 (D.P.R. 2014) (*quoting* Atlantic Marine Const. Co., 571 U.S. at 66) (emphasis added). **This is not an unusual case**.

Because choice of forum clauses are deemed *prima facie* valid and there are no reasons for denying enforcement, Defendant NCL's *Motion to Dismiss or For Venue Transfer* at Docket No. 9 is **GRANTED in PART**. This action shall be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) pursuant to Section 15 of the Guest Ticket Contract.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this 26th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge